# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES T. ALFIERI, | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No. SA-08-CV-277-XR |
| UNITED STATES OF AMERICA, | § § § | |
| *Defendant*. | § § | |

## ORDER ON MOTION TO EXCLUDE AND MOTION TO STRIKE

On this date, the Court considered Defendant's Motion to Exclude Plaintiff's Expert Report of Dr. Way Johnston (Docket Entry No. 38) and Defendant's Motion to Strike Plaintiff's Sur-reply on the Motion to Exclude Plaintiff's Expert Report (Docket Entry No. 43). After reviewing the parties' motions and briefs on the issue, the Court hereby GRANTS IN PART AND DENIES IN PART Defendant's Motion to Exclude Plaintiff's Expert Report and GRANTS Defendant's motion to strike Plaintiff's sur-reply.

## Background

On June 4, 2004, Plaintiff James T. Alfieri played golf at the golf course at Fort Sam Houston, Texas, a facility owned and/or controlled by the Defendant. Alfieri suffered injuries when he was involved in an accident while driving the golf cart provided to him by the Defendant. After receiving notice of a denial of his claim with the Staff Judge Advocate, Plaintiff filed this suit under the Federal Tort Claims Act, 28 U.S.C. § 1346, alleging acts of negligence.

Defendant moved the Court to exclude the Plaintiff's expert report drafted by Dr. Way Johnston pursuant to Rules 26(a)(2)(B) and 37(c)(1). (Mot. to Exclude Report of Dr. Way Johnston (Sept. 30, 2009) [Docket Entry No. 38] ("Mot.").) Plaintiff responded that Dr. Johnston's report

does not render legal conclusions, and his analysis meets the requirements for admissibility. (Resp. to Mot. to Exclude Report of Dr. Way Johnston (Oct. 23, 2009) [Docket Entry No. 40] ("Resp.").) Defendant submitted its reply to which Alfieri filed a sur-reply without seeking leave of the Court.[1] Defendant filed a motion to strike the sur-reply (Mot. to Strike (Nov. 3, 2009) [Docket Entry No. 43]) to which Plaintiff has responded (Resp. to Mot. to Strike (Nov. 4, 2009) [Docket Entry No. 44]).

**Legal Standard**

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure establishes the requirements of an expert's written report. The rule reads:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B).

Under Rule 37(c)(1), a party who fails to provide information as required by Rule 26(a) is

---

[1] The Local Rules of the Western District of Texas do not provide for filings beyond a reply to a response to a motion. *See* Local Rule CV-7 (W.D. Tex.). The courtroom policies declare that the Court will accept briefing on a motion beyond the response and reply provided that a motion for leave is ordered. Fact Sheet for Judge Xavier Rodriguez, Civil Case no. 32, http://www.txwd.uscourts.gov/general/judges/docs/sanantonio/rodriguez.pdf (accessed October 28, 2009).

not allowed to use that information and/or the Court may impose additional sanctions. *See* FED. R.
CIV. P. 37(c)(1).

Defendant states that Plaintiff's expert report does not indicate how he reaches his conclusions, the opinions are conclusory, and the opinions provide legal conclusions. The Court interprets these arguments as a challenge to the expert's report pursuant to Federal Rule of Evidence 702. Rule 702 reads:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. Moreover, a witness is not allowed to render a legal conclusion. *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009). An expert's testimony must be based on more than the mere unsupported opinions. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

**Analysis**

Plaintiff James Alfieri presented the expert report of Dr. Way Johnston, a Safety Engineering Consultant, in support of his claim against the Defendant. Dr. Johnston renders his expert opinion on the subjects of accident prevention, which "involves recognition, prevention and correction of unsafe conditions and unsafe actions"; industrial safety engineering, which is "the specialty field of engineering that has as its objective the identification of hazards and the initiation of appropriate actions to eliminate, minimize, and/or control those hazards"; and human factors engineering, which "focuses on the relationship between the human being and the equipment and/or facility." Report

3

of Dr. Way Johnston 2 (Aug. 27, 2009) (hereinafter "Report"). Dr. Johnston reviewed witness depositions, court documents, documents from the golf course, photographs of the scene, and he visited the site of the accident. *Id.* at 1. The expert report contains sixteen conclusions, all of which are challenged by Defendant.

*Expert's Conclusion No. 1*[2]

Plaintiff's expert presents a legal conclusion as to duty of care held by the Defendant. Whether the United States had a duty to ensure that the premises and the golf carts were maintained in a particular condition is an ultimate question of law. Such testimony "both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *see, e.g., Taylor Pipeline Const., Inc. v. Directional Road Boring, Inc.*, 438 F. Supp. 2d 696, 706 (E.D. Tex. 2006) (excluding testimony in which expert testifies as to duty of care owed and fulfillment of those duties). Had Plaintiff's expert testified that the golf course and the carts failed to meet certain safety standards, the Court could render a different decision; however, here, the expert takes the step of assigning responsibility. As a result, this statement is an ultimate statement of law that the Court cannot allow as expert testimony.

---

[2]Johnston's first conclusion reads: "1. The Defendant had a responsibility to ensure that the premises of the two golf courses, as well as the golf carts that were furnished for use on the courses, were maintained in a safe condition." Report at 3.

*Expert's Conclusion Nos. 2–6 and 10*[3]

Dr. Johnston's conclusions do not provide a basis by which the Court can ascertain his conclusions. It is not clear from any of the information reviewed by Plaintiff's expert that he deems the golf carts unsafe or that any maintenance program implemented by Defendant was improper. It is not clear that from any information reviewed by Plaintiff's expert that any inspections conducted by Defendant failed to meet requisite safety standards. Dr. Johnston provides no basis to explain how he can ascertain the level of priority given to safety and accident prevention. Moreover, he provides no basis upon which to determine that the golf carts failed to meet requisite safety standards. With no baseline to establish what constitutes a proper maintenance program, adequate

---

[3]Conclusions nos. 2 through 6 and 10 read:
2. The Defendant knew or should have known of the importance of establishing and implementing a proper maintenance program to ensure that their golf carts were in a safe condition, consistent with the foreseeable environment of use of the golf carts.
3. The Defendant knew or should have known of the importance of conducting adequate inspections of their golf course facilities and golf carts in a timely manner in an effort to identify any unsafe conditions on their facilities and/or on their golf carts.
4. The Defendant knew or should have known of the importance of making sure that safety and accident prevention were given the highest priorities during the maintenance of their facilities and equipment as well as during the training of their workers and supervisors.
5. The Defendant knew or should have known that the failure to adequately maintain their equipment and facilities could-result in serious injuries or death.
6. The Defendant knew or should have known of the standard safety engineering accident prevention methodology in that the most effective means to eliminate or minimize a hazard is through design changes, followed by the use of guards and/or safety devices and finally by providing adequate warnings of any hazards.
10. The Defendant knew or should have known that serious injuries or death could occur as a result of a golf cart turning over during the descent of the steep hill on the cart path of hole number 4 on the Salado Del Rio golf course.

*Id.* at 4–5.

inspections, or the requisite importance placed on accident prevention, there is an insufficient basis upon which to declare whether or not Defendants should have known that their actions met these standards. The same holds for Defendant's culpability regarding the use of safety devices and signs. Plaintiff's expert does not establish that the site failed to meet the requisite safety requirements.

Furthermore, the expert's conclusions assign culpability to the Defendant without providing any basis for the culpability. The assessment of culpability in this sense is a legal, rather than a factual, determination. Whether or not the Defendant is culpable is an issue for the jury to decide after appropriate instruction by the Court. *See Owen*, 698 F.2d at 240. Moreover, whether Defendant actually knew of proper maintenance programs, proper inspections, and the requisite importance on safety can be determined by evidence rather than the conclusions reached by Plaintiff's expert.

*Expert's Conclusion Nos. 11, 12, and 16*[4]

Dr. Johnston renders legal conclusions by declaring that Defendant was negligent in its failure to warn and negligent if the golf car was in an unsafe condition. The issue of whether Defendant's conduct constitutes negligence is the ultimate issue of this case. Dr. Johnston could

---

[4]Johnston's Conclusions nos. 11, 12, and 16 read:
11. The Defendant was negligent with respect to this matter in that they failed to warn of the dangerous condition that existed on the cart path of hole number 4 of the Salado Del Rio golf course.
12. The Defendant would be further negligent if in fact the golf cart which Mr. Alfieri was driving was in an unsafe condition caused by improper maintenance of the brakes, steering system and/or governor on the golf cart.
16. Given the conditions that were present on the cart path of hole number 4 of the Salado golf course, the condition of the golf cart he was driving and the lack of any warnings of the steep hill, the actions of James Alfieri appear to have been reasonable on the day in question.

Report at 5.

testify as to the adequate safety standards for placing warning signs, but his report does not render this conclusion. Instead, the report actually concludes that the actions of Defendant constituted negligence.

The Court further notes that Dr. Johnston's conclusion that Defendant would be further negligent if the golf cart Mr. Alfieri was driving was in an unsafe condition is speculative and based on insufficient evidence. This conclusion indicates that Dr. Johnston did not make an assessment of the golf cart driven by Mr. Alfieri. Without this assessment, Dr. Johnston does not have a sufficient basis to determine whether Mr. Alfieri's actions on the day of the accident were reasonable. With no knowledge of the severity of the driving conditions caused by the specific golf cart, Dr. Johnston cannot testify whether Mr. Alfieri's actions were sufficient to control the vehicle.

*Expert's Conclusion No. 15*[5]

The basis provided by Plaintiff's expert to make his conclusion is insufficient to reach his ultimate conclusion that the golf cart Mr. Alfieri drove on the day of his accident was unsafe due to inadequate maintenance. While Dr. Johnston can ascertain that the golf cart Mr. Alfieri operated was in an unsafe condition, he provides no basis to determine that inadequate maintenance—rather than some other defect or cause—resulted in an unsafe vehicle. Consequently, Dr. Johnston's declaration is conclusory.

---

[5] Johnston's Conclusion no. 15 reads:
15. Based on the testimony of James Alfieri and the report of Joe Martinez, the golf cart that Mr. Alfieri was driving on the day of his accident was apparently in an unsafe condition due to inadequate maintenance; thus, the unsafe golf cart was also a proximate cause of the accident and resulting injuries to James Alfieri.

*Id.*

*Expert's Conclusion Nos. 8, 9, 13, and 14*[6]

Plaintiff's expert is an engineer with the requisite expertise and experience to testify on the conditions of the location of the accident. Conclusion nos. 8 and 9 reflect conclusions based on his observations of the accident site. Based on his experience, the Court can determine that the expert can conclude that the steep hill presented a dangerous condition for unsuspecting drivers and that the hill could present a surprise to a first-time driver. His conclusion that Defendant was aware of the dangers presented by the hill is likewise supported by sufficient evidence as he is basing his conclusion on photographs of a chain-link fence in the area that appears to have been struck. Furthermore, Dr. Johnston has the requisite expertise, coupled with his evaluation of the available evidence, to determine whether inadequate warning signs near a steep hill contributed to Mr. Alfieri's accident. Although his conclusion discusses causation using the language of the legal concept—proximate cause—the evidence he reviewed, his experience, and review of the site allows him to testify as to whether and to what degree the conditions at the site contributed to Mr. Alfieri's

---

[6]Johnston's Conclusions nos. 8, 9, 13, and 14 read:
8. The Defendant knew or should have known that on occasion individuals would be driving a golf cart on the Salado Del Rio golf course for the first time and thus, would not be aware of the steep hill on the cart path for hole number 4.
9. It appears that the Defendant had some awareness of the dangers presented by the steep hill on the cart path of hole number 4 of the Salado course in that a chainlink fence had been erected along the edge of the hill all the way to the bottom. Photographs of the fence appear to indicate that the fence had been struck many times by golf carts and/or other equipment.
13. The failure to provide adequate warnings of the dangers associated with the steep hill on the cart path of hole number 4 of the Salado Del Rio golf course was a proximate cause of the accident and resulting injuries to James Alfieri.
14. The unsafe premises (steep hill with no warnings) on hole number 4 of the Salado Del Rio golf course was also a proximate cause of the accident and injuries to James Alfieri.

*Id.* at 4–5.

accident.

*Expert's Conclusion No. 7*[7]

Based on the expert's observation of the location, he has a sufficient basis to conclude that the location of Plaintiff's accident presents a dangerous condition. The Court must exclude the second portion of the expert's conclusion because it is based on mere conjecture and speculation. Similar to conclusion no. 12, this portion of conclusion no. 7 indicates that Plaintiff's expert did not evaluate the golf cart in question. His evaluation is based on the possibility that the governor, brakes, or steering mechanism malfunctioned. As a result, this portion of conclusion no. 7 is speculative without a sufficient basis to render a conclusion. The Court finds that the first sentence of conclusion no. 7 is sufficiently supported but must exclude the second sentence of the conclusion.

**Motion to Strike**

The Local Rules of the Western District of Texas do not provide for a sur-reply, and a motion for leave is required before a party may file a sur-reply. Local Rule CV-7(e) (W.D. Tex.) ("Absent leave of Court, no further submissions on the motion are allowed."). Defendant moved to strike Plaintiff's sur-reply, citing the local rules and arguing that the party carrying the burden of the motion should have the final word on its motion. Here, Plaintiff did not seek leave of the Court before filing his sur-reply. The information in the sur-reply was unnecessary for the Court to render its decision. As a result, the Court GRANTS Defendant's motion to strike Plaintiff's sur-reply.

---

[7]Johnston's Conclusions no. 7 reads:
7. The steep hill on the cart path of hole number 4 of the Salado Del Rio golf course presents a dangerous condition for unsuspecting individuals that are driving golf carts on that cart path for the first time. This danger would be magnified tremendously if the brakes, steering system and/or governor (speed control) on the golf carts were not properly adjusted or maintained in a safe condition.

*Id.* at 4.

**Conclusion**

Having carefully reviewed the motions, arguments, and expert report, the Court hereby GRANTS IN PART AND DENIES IN PART Defendant's motion to exclude the expert report of Dr. Way Johnston. The Court also GRANTS Defendant's motion to strike Plaintiff's sur-reply (Docket Entry No. 42).

It is so ORDERED.

SIGNED this 20th day of November, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE